MR. JUSTICE MORRISON,
specially concurring:
I concur in the result for the reason that Dr. Hilleboe did not provide substantial credible evidence for the findings of the Workers’ Compensation Court.
At the time Dr. Hilleboe was examined for the purpose of refuting any permanent injury related to the subject accident, he was not asked whether he had an opinion, based upon a reasonable degree of medical probability, as to whether claimant suffered any permanent injury related to the accident. Instead, Dr. Hilleboe was asked whether there was any “objective” evidence of nerve root irritation and the answer was that there was not. Counsel then again tried to approach the problem after objections by opposing counsel. The following questions and answers were given:
“Q. Okay, in terms of a permanent condition.
“A. What in terms of a permanent condition?
“Q. Let me rephrase that question and ask, in terms of your finding a permanent condition regarding a L5 nerve root or nerve root or soft tissue injury in the claimant.
“A. I didn’t find anything.”
Here, again, the doctor is giving testimony with respect to “objective” findings of injury. He is not expressing an opinion, based upon a reasonable degree of medical probability, that the claimant did not, in fact, suffer a permanent injury.
The only testimony that could support the findings of the Workers’ Compensation Court relate to the following volunteer statement on the part of Dr. Hilleboe:
“The reason for his multiple referrals is that I feel that this gentleman does not have an orthopedic problem. I don’t think he has a neurologic problem. I think he has a psychological problem and that he should see a psychiatrist.”
This testimony was not based upon the proper evidentiary standards and should have been stricken from the record.
*192 There is no place in this record where Dr. Hilleboe gives an opinion, based upon a reasonable degree of medical probability, that the claimant suffered no permanent injury causally related to the subject accident. I do not consider the non-responsive, volunteer statement of Dr. Hilleboe attributing claimant’s problems to a psychogenic origin, to be substantial credible evidence for support of the Workers’ Compensation Court findings.
Therefore, I concur to reverse.